(Court of Criminal Appeals of Texas. March 17, 1915.)

LARCENY ⚎88 — THEFT OF AUTOMOBILE — PUNISHMENT—STATUTE.

The theft of an automobile valued at $300 is punishable under Acts 33d Leg. c. 100, § 1, providing that one stealing any motor vehicle worth over $35 shall be imprisoned in the county jail for not less than six months and not more than one year, and not under the statute relating to the theft of property valued at more than $50, for which a penitentiary sentence is authorized.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. § 214; Dec. Dig. ⚎88.]

Appeal from Criminal District Court, Dallas County; Robert B. Seay, Judge.

A. L. Howard was convicted of the theft of an automobile, and he appeals. Reversed and remanded.

J. T. Hightower, of Dallas, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was charged by indictment with theft of an automobile of the value of $300. He was tried in the district court and given two years in the penitentiary.

Under the recent act of the Legislature, theft of an automobile is made a misdemeanor. This matter was reviewed in the recent case of Sparks v. State, 174 S. W. 351, from Clay county, in an opinion by Judge Harper. Under the authority of that case, this judgment will be reversed, and the cause remanded.

---

### DAVIS v. STATE. (No. 3470.)

(Court of Criminal Appeals of Texas. March 17, 1915.)

CRIMINAL LAW ⚎1086, 1090—APPEAL—BILL OF EXCEPTIONS.

Without a statement of facts or bill of exceptions, and where there is no motion for a new trial in the record, nothing is raised that can be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2736–2770, 2772, 2789, 2794, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. ⚎1086, 1090.]

Appeal from Criminal District Court, Dallas County; Robert B. Seay, Judge.

Leroy Davis was convicted of burglary, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of burglary. There is no statement of facts nor bills of exceptions. There is even no motion for new trial in the record. Therefore nothing is raised that can be reviewed.

The judgment is affirmed.

---

### BROWN v. STATE. (No. 3472.)

(Court of Criminal Appeals of Texas. March 17, 1915.)

CRIMINAL LAW ⚎1090— APPEAL — BILL OF EXCEPTIONS.

Without bills of exception or a statement of facts accompanying the record, no grounds in the motion for a new trial can be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. ⚎1090.]

Appeal from Criminal District Court, Dallas County; Robert B. Seay, Judge.

Goodman Brown was convicted of assault with intent to rape, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of assault with intent to rape, and his punishment assessed at 21 years' confinement in the penitentiary. As no bills of exception nor statement of facts accompanies the record, there is no ground in the motion for a new trial we can review.

The judgment is affirmed.

---

### SMITH v. STATE. (No. 3473.)

(Court of Criminal Appeals of Texas. March 17, 1915.)

CRIMINAL LAW ⚎1097 — APPEAL — STATEMENT OF FACTS.

In the absence of a statement of facts, grounds in a motion for new trial that the verdict was contrary to the law and evidence cannot be considered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. ⚎1097.]

Appeal from Dallas County Court, at Law; W. F. Whitehurst, Judge.

Edna Smith was convicted of keeping a disorderly house, and she appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of keeping a disorderly house, and her punishment assessed at a fine of $200 and 20 days' imprisonment in the county jail.

The only grounds in the motion allege: (1) The verdict is contrary to the law; (2) the verdict is contrary to the evidence. As no statement of facts accompanies the record, such grounds cannot be considered.

The judgment is affirmed.

---

### RUBY v. STATE. (No. 3461.)

(Court of Criminal Appeals of Texas. March 17, 1915.)

CRIMINAL LAW ⚎1095, 1102—BILL OF EXCEPTIONS—TIME FOR FILING—STRIKING.

A statement of facts and bills of exception not filed until 30 days after adjournment of the

---

term at which accused was tried was too late, and would be stricken on motion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2847; Dec. Dig. ☞1095, 1102.]

Appeal from Tarrant County Court; Jesse M. Brown, Judge.

B. F. Ruby was convicted of aggravated assault, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of an aggravated assault. The term of court at which he was tried adjourned January 2, 1915. The statement of facts and bills of exceptions herein were not filed until February 1, 1915, 30 days after the court adjourned. The motion of the Assistant Attorney General to strike out and not consider the bills and statement of facts, because filed too late, must therefore be sustained. In the absence of these, no question is raised which can be reviewed. However, we might say that we have read his bills and statement of facts, although filed too late, and, if they had been filed in time, they present no error for which this case could be reversed.

The judgment is therefore affirmed.